CHARLES B. GALLAGHER, Plaintiff in Error, *vs.* THE STATE OF MINNESOTA, Defendant in Error.

WRIT OF ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

Every assault will not justify a battery: and whether the degree of force used by the party assaulted was justified by the occasion, is a question for the jury, to be determined by the evidence. It would be error for the Court to instruct the jury that if they believed that A committed an assault upon B, and was about to commit a battery, that B was justifiable in striking A in a particular manner.

A party assaulted may strike, or use a sufficient degree of force to prevent the intended blow, without first retreating, but he must take care that he use no more violence than may be necessary to prevent the violence of the assault. The jury are the sole judges as to the time when the assaulted party may strike, and the degree of force he may use to prevent violence.

The following are the points and authorities relied upon by the Counsel for the Plaintiff in Error:

*First.*—An assault may be committed by a demonstration of force or violence towards the party assaulted. An offer or

attempt with force to do a corporeal hurt to another, constitutes an assault in all cases. *Russell on Crimes, Vol.* 1, *pp.* 750 *and* 751; *Hays vs. The People,* 1 *Hill R.* 351, *and the cases there cited by Cowen, Judge; The State against Sims,* 3 *Strobhart,* 137. The evidence in the case at bar shows clearly that an assault was committed by the complaining witness Charles P. Bailey upon the Plaintiff in Error. In any event, there was evidence to go to the jury upon the point whether or not such assault was committed. *See folios* 24 *and* 25 *of the case.*

*Second.*—An assault made by one party upon another will justify a battery by such other party, upon the party assaulting, unless the battery is unreasonable or enormous. *Russell on Crimes, Vol.* 1, *page* 756; *Rex vs. Walley,* 7 *C. & P.* 245; 9 *C. & P.* 474; *Archibald's Crim. Practice, Vol.* 2, *pp.* 282–7, *and numerous authorities there cited.*

*Third.*—The Court below erred in not charging the jury as requested by Counsel for Plaintiff in Error. *See folio* 27 *in case before the Court.* And Plaintiff in Error should have a new trial on that ground.

*Fourth.*—The Court below erred in charging the jury as he did in the 28th folio of the case, and the Plaintiff should have a new trial on that ground.

[The points and authorities of Defendant in Error are not on file.]

JOHN B. SANBORN, Counsel for Plaintiff in Error.

H. J. HORN, for the State.

*By the Court—*ATWATER, J. The Defendant below, Charles B. Gallagher, was convicted in the District Court of Ramsey county of an assault and battery upon one Bailey, and sentenced by the Court to pay a fine of fifty dollars and costs. There was some evidence on the trial, tending to show that Bailey committed the first assault, by raising his cane as if to strike the Defendant. One witness, Thompson, testified among other things, that " Bailey gave Gallagher the lie, and high words

ensued between them. At this time the parties were standing some three or four steps apart. Bailey had a large cane in his hand at this time, which he held about the middle, and with his cane raised he stepped forwards, towards Gallagher, as if about to strike him with the cane. As Bailey came up to Gallagher, Gallagher struck him with his hand or fist, and Bailey sort of rallied backwards a little. I caught him and held him." This is all the evidence on the part of the defence to that point that appears in the case.

The Counsel for the Defendant asked the Court to charge the jury as follows, to wit: "that if the jury believe from the evidence, that Mr. Bailey previous to, and at the time the blow was struck by Gallagher, had his cane raised for the purpose of striking Mr. Gallagher, and that Mr. Gallagher reasonably supposed that he was about to be struck by said Bailey with said cane, he had a right to strike Bailey as he did, before receiving any blow from said Bailey." The Court refused the instruction and the Defendant excepted.

We see no error in the refusal of the Court to instruct in the language requested by the Counsel for the Defence. In substance, the charge requested was, that if the jury believed that Bailey committed an assault upon the Defendant, and was about to commit a battery, that then the striking was justifiable. This may, or may not be true—it is not necessarily so. The difficulty is, that it makes the Court the judge of the degree of force used by the Defendant to prevent the battery, whereas, that is a matter of fact for the jury. Had the instruction requested been so worded as to have submitted this fact to the jury, it would have been error to have refused it. Every assault will not justify a battery; and whether the degree of force used by the Defendant was justified by the occasion, is a question to be determined on the evidence. (*Phil. on Ev., Vol.* 5, *p.* 204.

The Court also charged the jury, "that when any party is approached by another with a cane raised in a hostile manner the party thus approached is not justified in striking unnecessarily, but is bound to retreat reasonably before striking any blow."

The first part of the foregoing instruction is correct, but the whole taken alone or in connection with the instructions requested by the Counsel for the Defence, and refused by the Court, would tend to mislead a jury. The instruction would give the jury to understand that the party assailed must at least retreat to some extent, before striking or using force to prevent the meditated blow. Such is not the law, but the party thus assaulted may strike or use a sufficient degree of force to prevent the intended blow, without retreating at all. He must, however, take care that he use no more violence than may be necessary to prevent the violence of the assailant. "If, therefore, the Plaintiff first lifted up his staff, and offered to strike the Defendant, it is a sufficient assault to justify the Defendant striking the Plaintiff, and he need not stay till the Plaintiff has actually struck him." (*Archibald's Crim. Prac. and Plead.* 2, *p.* 282, *note and cases cited ; Russell on Crimes,* 1, *p.* 758; *Ros. Crim. Ev., p.* 291.) It is true that a person assaulted is not justified in unnecessarily striking the assailant. But in the circumstances disclosed by the proof in this case, the Defendant was entitled to have the question submitted to the jury, as to whether the striking was justifiable on account of the imminence of the danger to be apprehended by the Defendant. The jury are the sole judges as to the time when the Defendant may strike, and the degree of force he may use to prevent violence, and they should understand from the charge, that circumstances may justify a person in striking instantly, without waiting or retreating at all. As we think the jury might have been misled in this respect by the charge, a new trial should be granted.