# WASHINGTON COUNTY.

State *vs.* John P. Sherman *et als.*

One wrongfully assailed in a public place is not obliged to retreat from his assailant in order to avoid a conflict. The assailed may defend himself, meeting force with such force as is needful for his protection.

When defence involves homicide a different rule may prevail. The case at bar involved no such complication.

A complaint was made to A., Justice of the District Court, etc., and thereupon a warrant issued, signed by A. as Justice, etc., commanding the officer to have the defendant "before me or some other lawful authority," etc. The defendant was arrested, arraigned before the District Court, pleaded not guilty, and recognized to appear. Afterwards the defendant asked the court to quash the proceeding.

*Held*, that the warrant was formally irregular in being returnable "before me," but that "some other lawful authority" meant the District Court. Hence the proceeding should not be quashed.

*Held*, further, that after pleading and recognizing, the defendant was no longer held under the warrant. · Hence the motion to quash came too late.

Exceptions to the Court of Common Pleas.

*Providence*, *October* 29, 1889. Durfee, C. J. This is a criminal complaint against John P. Sherman and others for assault and battery on the person of Charles C. Sherman. It comes up here on exceptions from the Court of Common Pleas. The complaint was made August 16, A. D. 1886, to "Nathan B. Lewis, Esq., Justice of the District Court of the second judicial district," etc. The same day a warrant, signed by said Lewis as aforesaid, was issued and the defendants were arrested thereon, and brought before said District Court, where they pleaded not guilty. The complaint was then continued until August 23, 1886, the defendants giving recognizance for appearance. On said August 23 the defendants appeared, and moved the court to quash the complaint and warrant, because the warrant required the officer serving the same to have the persons complained of "before me," *i. e.* before said Lewis, "or some other lawful authority," etc., whereas it should have required him to have them before said District Court in compliance with the statute: Pub. Laws R. I. cap. 598, § 5, of May 27, 1886. The court overruled the motion, and the defendants, having been convicted, appealed to the Court of

Common Pleas, and there renewed said motion. The Court of Common Pleas likewise overruled the motion and the defendants excepted.

Undoubtedly the warrant would have been in better form if it had been expressly returnable to the District Court, but it seems to us that the defect is too merely formal to have warranted a quashing of the proceeding at any stage of it, since the warrant, being returnable to the justice or other lawful authority, was in effect returnable to the court. *Stetson* v. *Packer and others*, 7 Cush. 562. The motion, however, was not made until a week after the return, the defendants meanwhile having pleaded and entered into recognizance as before stated, so that, when made, they were no longer held by virtue of the warrant. In these circumstances we think the court in its discretion might well deny the motion as too late. *State* v. *McCarty*, 4 R. I. 82 ; *Commonwealth* v. *Gregory*, 7 Gray, 498. In the latter case the defendant was convicted on complaint for assault and battery, and moved in arrest of judgment because the warrant was served by the officer on whom the assault was alleged to have been committed. The motion was overruled, and the Supreme Judicial Court, in sustaining the ruling, said : " A motion to dismiss any action for want of due service must be made before a general appearance in the action. This will certainly apply as strongly in criminal as in civil cases. If the party appears and pleads to the complaint or indictment, he is fully before the court, and the court has jurisdiction of the case."

The bill of exceptions shows as follows : The defendant, John P. Sherman, was occupying as tenant a tract of land bordering on a tidal cove connecting with Point Judith Pond, and the complainant, Charles C. Sherman, built a causeway of dirt and stones in the pond across the mouth of the cove, so as to close it, except for the space of about thirty feet at one end, where the water was shallow, thereby obstructing said defendant in the use of the water for ingress and egress to and from his land by boat. On the day of the assault said defendant, wishing to go out with his sailboat, went upon the causeway to open a passage through the deeper part, and began work to that end. The complainant came down soon afterward to stop him, and the affray occurred.

On trial in the Court of Common Pleas the complainant testified that, seeing the defendants tearing down the causeway, he ran to where said John P. Sherman was at work, and put his foot on a stone which said John P. was prying up with a crowbar ; that said John P. raised the crowbar as if to strike him, whereupon he seized it in self-defence, and some one, he knew not who, knocked him down, and that said John P. twice threw him from the causeway into the water.   His testimony was corroborated by other witnesses.   On the other hand, said John P. testified that the complainant rushed down and seized him, that he never either struck or struck at him, but only pushed him away, using no more force than was necessary for self-protection, as the complainant repeatedly attacked him.   Other witnesses corroborated him.   He also testified that the open water at the end of the causeway was too shallow for him to pass without getting out of his boat and dragging it.   After the case had been argued to the jury, he asked the court to instruct the jury as follows, to wit : " That a man in a public place, if attacked, may resist with his natural weapons, using no more force than is necessary, without retreating."   The court refused, but did instruct them that in such a case a man must retreat, if he can safely, and that the defendant did not testify that there was anything to prevent his retreating.  The defendant excepted to both the refusal and the instruction.   The bill of exceptions sets forth that the complainant's counsel stated, in his argument to the jury, that he did not claim for the complainant the right to use any force to protect the causeway, or any force against the defendant, except such as he might lawfully use in any public place.

We think the court below erred.   Generally a person wrongfully assailed cannot justify the killing of his assailant in mere self-defence, if he can safely avoid it by retreating.   Retreat is not always obligatory even to avoid killing ; for if attack be made with deadly weapons, or with murderous or felonious intent, the assailed may stand his ground, and if need be kill his assailant. But there is no question of killing here, and we know of no case which holds that retreat is obligatory simply to avoid a conflict. Where there is no homicide the rule generally laid down is, that the assaulted person may defend himself, opposing force to force,

using so much force as is necessary for his protection, and can be held to answer only for exceeding such degree. Mr. Bishop, in his work on Criminal Law, § 849, says: "The assailed person is not permitted to stand and kill his adversary, if there is a way of escape open to him, while yet he may repel force by force, and, within limits differing with the facts of the case, give back blow for blow." See, also, 1 Wharton's Criminal Law, § 99; Stephen's Digest Criminal Law, art. 200 ; May's Criminal Law, Students' Series, § 62. Mr. May's language is: "There seems to be no necessity for retreating or endeavoring to escape from the assailant before resorting to any means of self-defence short of those which threaten the assailant's life." In *Commonwealth* v. *Drum*, 58 Pa. St. 1, 21, 22, where the defendant, who was indicted for murder, set up that he acted in self-defence, the court in charging the jury used the following language : "The right to stand in self-defence without fleeing has been strongly asserted by the defence. It is certainly true that every citizen may rightfully traverse the street, or may stand in all proper places, and need not flee from every one who chooses to assail him. Without this our liberties would be worthless. But the law does not apply this right to homicide." There are cases, however, which manifest a disposition to apply the same rule generally. *Runyan* v. *The State*, 57 Ind. 80 ; *Erwin* v. *State*, 29 Ohio St. 186.

In *Gallagher* v. *The State*, 3 Minn. 270, the defendant was complained of for assault and battery, and set up in justification that he acted in self-defence, the complainant having stepped forward with his cane raised, as if about to strike. The lower court, on trial, ruled as follows : " Where a person is approached by another with a cane raised in a hostile manner, the former is not justified in striking unnecessarily, but is bound to retreat reasonably before striking." On error the Supreme Court held the ruling to be erroneous. " Such is not the law," say the court; " but the party thus assaulted may strike, or use a sufficient degree of force to prevent the intended blow, without retreating at all." The case is exactly in point. The exception is therefore sustained, and the cause will be remitted for a new trial.

There are other exceptions, but we are not satisfied that they should be sustained and overrule them.

*Exceptions sustained.*

*Edmund S. Hopkins*, for plaintiff.

*A. B. Crafts*, for defendant.