Brobst v. El Paso & Southwestern Co., 19 N. M. 609

(No. 1701, December 16, 1914.)

JOHN L. BROBST, Appellee, vs. EL PASO & SOUTH-
WESTERN COMPANY, a Corporation, Appellant.

### SYLLABUS BY THE COURT.

1. Assignments of error not argued in appellant's brief,
are deemed to have been waived.

P. 610

2. In a suit for damages on account of alleged assault
by an officer or special agent employed by a railway com-
pany, at its station, by a person rightfully at such sta-
tion but in an intoxicated condition, a requested instruc-
tion that "the fact that Mark Johnson was an officer and
special agent of the defendant would not require him to
submit to an assault by the plaintiff but he had the right
to repel any assault which the plaintiff may have made
or attempted to make with all the force which under the
circumstances and conditions seemed necessary to him," is
properly refused, as it does not correctly state the law, in
that it fails to impose upon the assaulted party the duty
of acting in good faith and as a reasonably prudent man
under such circumstances would act, using no more force
than is necessary to repel the force, which is being used
against him.

P. 611

Appeal from District Court, Quay County; Thomas D.
Leib, Presiding Judge. Affirmed.

EDWIN MECHEM, for Appellant.   HARRY H. McEL-
ROY, H. L. BOON, for Appellee.

89 Ala. 99; 57 Law Ed. 815; 176 Fed. 71; 6 Va. 899;
50 N. J. L. 485; 14 N. M. 147; 91 Am. Dec. 760; 3
Cyc. 1048, 1047; 55 Pac. 988; 2 L. R. A. 624; 95
Mo. 322.; 63 N. W. 856; 39 Fed. Rep. 834.

### STATEMENT OF FACTS.

The appellee, John L. Brobst, brought his suit against the Southwestern Company to recover damages on account of injuries received by appellee by reason of an alleged assault made upon him by one Mark Johnson, the agent of said appellant. Evidence was introduced to the effect that the appellant company was a railraod corporation and maintained a depot at Tucumcari for the transaction of its business with the public, and that said Mark Johnson was the agent of the company and that he was at the time of making the alleged assault engaged in the performance of his duty as a special officer of the company; that appellee arrived at said depot on the early morning train en route to a point in Oklahoma; he stopped at Tucumcari where it was necessary to change cars; he was found asleep in the depot by said Mark Johnson and told to get out and was ejected from the depot and the right of way of appellant company. The appellee was intoxicated, and after he was ejected by the special officer he returned to the depot, when the alleged assault occurred. After trial the jury returned a verdict for the plaintiff for $1,190.16. The appellant then moved for a new trial, which was overruled and an appeal was prayed to this court. Error was assigned upon four grounds, all of which were based upon the failure of the court to give certain requested instructions. Only one of these grounds is argued in the brief.

### OPINION.

RAYNOLDS, D. J.—Under former decisions of this court only assignments of error which are argued by counsel in their brief will be considered and passed upon by this court; when not so argued, such assignments are deemed to have been waived. Riverside Sand and Cement Company vs. Hardwick, 16 N. M. 479 at 482.

The only error assigned and argued in the brief is as follows:

"3. The court erred in refusing to give the jury the

eighth instruction requested by appellant to-wit, 'The fact that Mark Johnson was an officer and special agent of the defendant would not require him to submit to an assault by the plaintiff but he had a right to repel any assault which the plaintiff may have made or attempted to make with all the force which under the circumstances and conditions seemed necessary to him.' " The appellant cites no authority for the correctness of this instruction and we are of the opinion that it does not embody the law, placing as it does the right, without any limitation, upon the assaulted party to use such force as he may deem necessary and making him the sole judge of the amount of force that is necessary, without regard to the nature of the assault, his good faith or of the reasonableness of his action under the circumstances at the time of the assault. In self-defense the assaulted party can use only such force as is necessary to protect himself from impending danger but he must have reasonable cause to believe that danger of great bodily injury is imminent and must act in good faith, as a reasonably prudent man under such circumstances would act and use no more force than is necessary to repel the force which is being used against him. In the case of Territory vs. Trapp, 16 N. M. 700, at page 709, this court sustained a refusal of the trial court to give an instruction similar to the one asked for by appellant, in that it omitted the element of reasonableness of defendant's belief in the existence of danger. Furthermore, this instruction does not take into consideration the nature of the assault made. There is a great difference between a simple assault and an assault with a deadly weapon; and the force necessary to repel the latter would, if used in the case of a simple assault, make the assaulted party the assailant. We have carefully read the record in this case and it fails to show a dangerous or vicious assault by the appellee. In fact, it was denied by the appellee on cross-examination that there was any assault whatever made upon appellant's agent, Johnson, and the sole witness for the appellant stated, in answer to a question as to the disposition of the appellee, that "his disposition was very genial; he did not seem to be out of

humor in any way." The law is correctly stated in a note to the case of Drysdale against State of Georgia, 6 L. R. A., page 424, as follows: "The party assaulted is justified in using such force as is necessary to repel an assailant but no more, and if unnecessary force is used he becomes the assailant." Gallagher vs. State, 3 Minn. 270; People vs. Williams, 32 Cal. 280; People vs. Campbell, 30 Cal. 321; Rasbery vs. State, 1 Tex. App. 663; Stewart vs. State, 1 Ohio St. 66.

From a careful consideration of the whole record, having found no error therein, the judgment of the lower court is affirmed.

### SYLLABUS BY THE COURT.

