601 P.2d 85

William F. MARLER and Dorothy L. Marler, his wife, Plaintiffs-Appellees,

v.

Joe ALLEN, Defendant-Appellant,

and

Farmers Insurance Group, Defendant.

No. 3668.

Court of Appeals of New Mexico.

Sept. 18, 1979.

Charles A. Pharris, Robert H. Clark, Keleher & McLeod, Albuquerque, for defendant-appellant.

Robert C. Resta, Albuquerque, for plaintiffs-appellees.

## OPINION

WOOD, Chief Judge.

The appellate issue concerns the propriety of the punitive damage award.

Plaintiffs' residence was insured with State Farm. There is evidence that Allen, who sold insurance for the Farmers Insurance Group, sent a form to the company holding plaintiffs' mortgage. This form advised the mortgage holder that plaintiffs had ordered insurance coverage from Farmers. The form was purportedly signed by William Marler. The evidence is uncontradicted that Marler did not sign the form.

Plaintiffs were awarded compensatory damages from Allen and Farmers, and were awarded punitive damages from Allen. Farmers did not appeal. Allen's appeal does not challenge the award of compensatory damages; only the punitive damage award is involved in the appeal.

■ There is evidence that Allen prepared the form, and that Allen's wife forged Marler's name to the form; there is evidence that Mrs. Allen worked in Allen's insurance office. The evidence concerning the working arrangements between Mr. and Mrs. Allen permitted an inference that Allen either authorized or ratified use of the form bearing Marler's forged signature. This evidence was sufficient to raise a jury question concerning Allen's liability for punitive damages. See *Samedan Oil Corp. v. Neeld,* 91 N.M. 599, 577 P.2d 1245 (1978).

The jury verdict was for $462 compensatory damages and $20,625 punitive damages. The trial court ordered a remittitur of both damage items. Plaintiffs accepted the remittitur. Judgment was entered, pursuant to the remittitur, of $250 compensatory damages and $10,625 punitive damages. Allen contends the reduced award of punitive damages is excessive. We agree.

In reducing the award of compensatory damages, the trial court ruled the jury had made a mistake in that $250 "was the maximum amount supported by the evidence . . . ." We agree that the jury made a mistake in its compensatory damage award. That mistake, however, is an indication that the jury verdict was based on passion or prejudice. The only item of compensatory damage submitted to the jury was the "value of earnings lost during the time reasonably required to remove or alleviate prob-

lems caused by the incident in question." The maximum award under the evidence and the instruction was $250. Yet, the jury added an additional $212 as compensatory damages; this amount was the amount of the premium for the insurance policy in the preceding year, recovery for which was not sought in this lawsuit.

Another indication of passion or prejudice in the jury's damage award is a note received from the jury during its deliberation. The note read: "Can we the jury find Farmer Ins. Company for punitive damages"? No issue of punitive damages against Farmers was submitted to the jury.

■■ What is the relationship between the jury's award of compensatory and punitive damages? Allen argues that the high ratio between the compensatory and punitive damage verdicts shows either no reasonable relationship, or alternatively, the size of the ratio shows passion or prejudice. We do not agree with the "ratio" argument because the amount of punitive damages depends on the circumstances of each case. However, it is long established New Mexico law that the amount of the punitive damage award must not be so unrelated to the *injury* and the *actual damages* proven as to manifest passion and prejudice. *Faubion v. Tucker,* 58 N.M. 303, 270 P.2d 713 (1954).

■■ Punitive damages are imposed as punishment, because of the enormity of the offense. "Enormity" is determined by the nature of the wrong committed and the aggravating circumstances shown. *Sweitzer v. Sanchez,* 80 N.M. 408, 456 P.2d 882 (Ct.App.1969). This "enormity" is separate and distinct from the actual damages involved in the compensatory damage award. "Enormity" pertains to the "injury" referred to in *Faubion v. Tucker,* supra.

Although plaintiffs were outraged by the forgery, their maximum actual damage was $250. The wrong committed, the forgery, was also outrageous, but the circumstances simply were not aggravated. Marler confronted Allen upon discovery of the forgery; Allen offered to clear up the situation and have the premium refunded; Mar-

ler, in his outrage, declined. In these circumstances, we agree that the relationship of the jury's punitive damage award to the injury and actual damage is not reasonable, and that the size of the jury's punitive damage award is indicative of passion or prejudice on the part of the jury. Compare *Galindo v. Western States Collection Company,* 82 N.M. 149, 477 P.2d 325 (Ct.App. 1970).

We have itemized three indications of passion or prejudice—the jury's disregard of the instruction on compensatory damages, the jury's question concerning awarding punitive damages against Farmers when that was not an issue for the jury to decide, and the lack of a reasonable relationship between the compensatory and punitive damage verdicts. With these indications of passion and prejudice, what is the affect of the trial court's order of remittitur? In this case, the trial court's remittitur order does not affect our decision because that order was based on a finding that the punitive damage verdict was "not the product of passion or prejudice . . . ." That finding was incorrect.

Allen should be punished for his conduct, yet the current punishment in the form of a judgment for $10,625 for punitive damages has not effaced the passion or prejudice of the original jury verdict. The punitive damage judgment is still excessive by $7,625. If plaintiffs will, within ten days after this decision becomes final, file a remittitur in the sum of $7,625 from the judgment of $10,625 for punitive damages, the judgment for punitive damages is affirmed in the amount of $3,000 as of April 27, 1978, which is the date of filing of the district court judgment. If such remittitur is not filed, the judgment for punitive damages is reversed and the cause is remanded for a new trial limited to the issue of punitive damages. *Montoya v. Moore,* 77 N.M. 326, 422 P.2d 363 (1967).

IT IS SO ORDERED.

HERNANDEZ and ANDREWS, JJ., concur.