683 P.2d 510

**H.E. (Bud) ROBISON dba Robison Realty Co., Plaintiff-Counter-defendant-Appellant,**

v.

**Opal A. CAMPBELL and Sam Q. Campbell, Defendants-Appellees and Cross-Appellants,**

**Beverly Katz, Defendant-Counterclaimant and Crossclaimant-Appellee and Cross-Appellee,**

**and**

**Opal A. CAMPBELL, Plaintiff,**

v.

**Beverly KATZ, Defendant.**

No. 7438.

Court of Appeals of New Mexico.

May 3, 1984.

Certiorari Denied May 31, 1984.

Stephen D. Bass, Barnhart & Associates, P.A., Albuquerque, for plaintiff-appellant.

Rolf Melkus, Martin E. Threet, Threet & King, Albuquerque, for defendants-appellees and cross-appellants Campbells.

Charles G. Berry, Edward Myers, Marchiondo & Berry, P.A., Albuquerque, for defendant-appellee Katz.

## OPINION

ALARID, Judge.

Robison Realty Company (appellant) challenges the trial court's punitive damage and cost awards. The Campbells' cross-appeal challenges the cost awards, the computation of interest and the denial of a new trial to the Campbells. We affirm.

This case makes its third visit to this Court in six years. Initially, Robison sought a declaratory judgment to determine his liability, if any, for misrepresentations he made in connection with the sale of the Green Valley Mobile Home Park to Beverly Katz. Robison was the real estate broker for the park's owners, Opal and Sam Q. Campbell (Campbells). Katz counterclaimed against Robison and cross-claimed against the Campbells for fraud, misrepresentation, and breach of fiduciary duty. Katz sought rescission of the contract as well as consequential and punitive damages.

The Campbells cross-claimed against Katz for collection of rent due on a house owned by the Campbells in Los Alamos. The rental arrangement had been part of the trailer park transaction, so the two cases were consolidated.

The trial court found (per Judge Sanchez) that Robison and the Campbells negligently misrepresented certain material facts on which Katz relied in deciding to purchase the trailer park. Katz was awarded $87,585 in damages, from which the court allowed the Campbells various set-offs, thereby reducing Katz' total award to $26,789 plus costs. Neither consequential nor punitive damages were permitted.

On the first appeal, we reversed the lower court, allowing rescission of the contract. We also allowed special and punitive damages to be charged against Robison. The Court made other determinations on attorneys' fees and privacy not relevant to

this appeal. *Robison v. Katz*, 94 N.M. 314, 610 P.2d 201 (Ct.App.), *cert. denied*, 94 N.M. 675, 615 P.2d 992 (1980).

On the second appeal, we reduced a damage award against Robison from $81,711.41 to $219.13 and vacated a $10,000 punitive damage award. We remanded for determination of what punitive damages, if any, were to be assessed and for assessment of costs. *Robison v. Campbell*, 99 N.M. 579, 661 P.2d 479 (Ct.App.), *cert. denied*, 99 N.M. 578, 661 P.2d 478 (1983).

On remand, Judge Sanchez entered a judgment on the mandate and again awarded Katz $10,000 in punitive damages, explaining his decision in a letter he sent to all counsel. Costs were apportioned as 30% against Robison and 70% against the Campbells.

Robison on this third appeal argues that the trial court erred in assessing $10,000 punitive damages and 30% of costs against him. Katz answers that because Robison did not specifically challenge in his brief-in-chief any finding of fact of the trial court, Robison failed to preserve the punitive damage issue for appeal. Robison replies that the issue was earlier properly submitted to this Court in his brief-in-chief on cross-appeal in the second appeal.

The Campbells answer Robison's cost argument by countering that the trial court should have applied joint and several liability, rather than imposing upon them 70% of the cost burden.

The Campbells also cross-appealed, arguing that the trial court improperly computed the interest due Katz and that it erred in failing to grant their request for a new trial. Katz answered that these issues were already considered and decided in the second appeal. *See Robison v. Campbell.* Robison also opposed the Campbells' claimed error as to the new trial issue, on grounds that the law of the case precludes such action.

Katz in a recent round of appellate maneuvers moved this Court to strike the letter the district judge sent all counsel which explained his disposition of the is-

sues. The letter, which appellant attached as an exhibit to his brief-in-chief, was not filed and was, apparently, not a part of the record supplied by the district court clerk. We granted the motion on January 13, 1984.

On January 16, 1984, Katz amended her motion to strike, conceding that the letter had in fact been properly included at the end of the trial transcript, but alleging that "appellant's brief-in-chief argues improperly that matters within the District Judge's letter to counsel dated August 19, 1983, are 'findings of fact' that are not supported by the District Court's findings of fact and conclusions of law." Katz subsequently moved for dismissal of appellant's appeal on grounds that the brief-in-chief "fails to make a single reference to the transcript of record on appeal, or any other findings of fact or conclusions of law which may be of record in this case," in violation of NMSA 1978, Civ.App. Rule 9(d) (Cum.Supp.1983).

Robison moved to vacate our earlier striking of the district judge's letter from consideration in this case, and on January 31, 1984 we ordered "that the motions be held in abeyance pending submission of this cause to a panel for decision on the merits."

**Motions Disposition**

■ Katz' motion to strike the district judge's letter from the record is denied because the letter was properly included in the trial transcript, which was made part of the record. The letter is useful to our disposition of issues on this appeal because it shows an exercise of discretion by the trial court. Katz' amended motion to strike and her motion to dismiss are also denied. Katz' procedural arguments under NMSA 1978, Civ.P. Rule 52(B)(1)(f) (Repl. Pamp.1980) (findings of facts and conclusions of law) and Civ.App. Rule 9(d) (reference in brief to transcript) are frivolous attempts to favor form over substance. The trial judge duly entered his judgment regarding punitive damages and costs, and he explained his decision in a letter which was made part of the transcript record. That judgment was based on the record

already made, see 99 N.M. at 591, 661 P.2d 479, and that record included findings as to Robison's conduct. The letter does no more than show that the trial court exercised discretion in determining the amount of punitive damages. The fact that discretion was exercised is fully supported by the findings concerning Robison's conduct. Appellant did not specifically refer to the letter with citations to the transcript, but this fact alone does not defeat his right to appeal.

**Punitive Damages**

■ The amount of punitive damages is left to the sound discretion of the trier of fact based on the circumstances of each individual case, but should not be so unrelated to the injury and actual damages proven as to plainly manifest passion and prejudice rather than reason and justice. *Christman v. Voyer*, 92 N.M. 772, 595 P.2d 410 (Ct.App.1979). The courts have refused, however, to specify a ratio between the amount of actual damages and the award of punitive damages, where the validity of the ratio would be determined by a reasonableness standard. "Such a test, by necessity geared to exact figures, does not seem proper to this Court or feasible for actual use." *Faubion v. Tucker*, 58 N.M. 303, 308, 270 P.2d 713, 716 (1954).

■ The question is whether the $10,000 punitive damages is so unrelated to Robison's reckless misrepresentation and the $219.13 compensatory damages as to plainly manifest passion and prejudice. *Galindo v. Western States Collection Co.*, 82 N.M. 149, 477 P.2d 325 (Ct.App.1970). In answering the question, this Court considers the circumstances of the case, the nature of the wrong committed and such aggravating circumstances as are shown. *Sweitzer v. Sanchez*, 80 N.M. 408, 456 P.2d 882 (Ct.App.1969). *Galindo* recognized that punitive damages may be imposed for conduct committed recklessly or with a wanton disregard for the rights of others. Appellant conceded in his brief that he made a reckless misrepresentation. In the

first appeal, this Court described Robison's conduct as follows:

The trial court found that * * * Robison failed to investigate the information supplied to him by Campbell or to check information he had acquired about the park from other sources. He failed to inform Katz that the septic and water systems in the park were old and inadequate; he represented the repair and maintenance expenses, including sewer and septic costs, as $700 per year, when in fact they had cost the Campbells in excess of $7,700 per year; he falsely asserted that the park was in good operating condition; and, knowing Katz' needs and experience, he misrepresented the park as a good business investment for her.

*Robison v. Katz,* 94 N.M. at 318, 610 P.2d 201. These findings, considered in the context of Robison's fiduciary relationship to Katz, were aggravating circumstances properly considered by the trial court. Furthermore, Robison did not appear to attempt amelioration of his misconduct. *Marler v. Allen,* 93 N.M. 452, 601 P.2d 85 (Ct.App.1979). Robison emphasizes the actual damage award of $219.13, but disregards the fact that the "injury," separate from the actual damage, may be considered in awarding punitive damages. *Marler.* That "injury" includes Katz's financial problems, *see* 94 N.M. 319, 610 P.2d 201, resulting from purchase of the mobile home park after relying on misrepresentations by Robison. Unlike *Marler,* the judge in this case, not the jury, determined the size of the punitive damage award and Judge Sanchez carefully outlined his reasoning for the award in a letter to all counsel.

The August 19, 1983 letter explained the judge's ruling in the following language:

The Court of Appeals [per Judge Wood] modified Robison's judgment to $219.13. The Court previously found punitive damages. As per the Mandate, the Court is to reset punitive damages. The Court's Findings and Conclusions, previously filed, is replete with the establishment of a fiduciary relationship between Robison and Katz, the negligent misrepresentation by Robison to Katz within that fiduciary relationship, a financial interest to Robison as a result of the sale, and financial ruin with reference to the park resulting to Katz. Punitive damages in the State of New Mexico are awarded not to benefit primarily a Plaintiff, but to impose a form of punishment upon the offender. In this case, it is not simply Katz who depends upon Robison for truthful representation, but it is the entire public. Cases in New Mexico have defined a real estate broker's obligations. It is not simply to bring the parties together for purposes of a sale. The broker selling to profit must reasonably ascertain the status of the property. In this case, it would have required very little effort to do that. Such an effort would have eliminated years of litigation and the financial problems suffered by Katz. The Court must look at the total judgment by Katz against Robison, but the Court must also assure that the punitive damages will imprint on Robison and others in his profession the responsibility to exercise reasonable effort to avoid such misrepresentation. The Court is going to retain the original punitive damages, i.e. $10,000.

The letter showed an exercise of discretion by the trial court which considered the aggravating circumstances of Robison and the injury to Katz which was separate from her actual damage. The $10,000 award is not unrelated to the circumstances of the case and is not based on passion and prejudice. Rather, the punitive damage award is based on reason and justice.

**Costs, Interest and New Trial**

 Appellant also challenges the 30% cost judgment entered against him. The matter of assessing costs lies within the discretion of the trial court. Unless an abuse of discretion is shown, we will not interfere with the discretion exercised. *Hales v. Van Cleave,* 78 N.M. 181, 429 P.2d 379 (Ct.App.1967). No abuse appears in this case. Even if appellant were con-

sidered a "prevailing party," NMSA 1978, Civ.P.R. 54(d) (Repl.Pamp.1980), which is questionable at best, the trial court can "otherwise direct" which party shall be allowed costs and in what proportion. *South v. Lucero*, 92 N.M. 798, 595 P.2d 768 (Ct. App.), *cert. denied*, 92 N.M. 675, 593 P.2d 1078 (1979). There need be no direct relation between percentage of fault and costs. *Eichel v. Goode, Inc.*, 680 P.2d 627 (N.M. App.1984). For the same reason, the Campbells' response that the trial court should have applied joint and several liability in assessing costs is also without merit.

■ The Campbells' cross-appeal, which argues that the trial court improperly computed interest due to Katz and erred in failing to grant a new trial, is also meritless. In *Robison v. Campbell* we set forth the trial court's treatment of interest—interest on specified damage items "to date of judgment." 99 N.M. at 586, 661 P.2d 479. This "to date of judgment" approach was followed in entering the judgment now being appealed. This judgment, however, also provides that the judgment shall bear interest. The Campbells assert that these provisions allow Katz to receive interest on interest, because the judgment includes interest accrued prior to judgment and the entire judgment bears interest. This is not improper. "Interest accrued to date of judgment may be properly included within the judgment amount." *Southern Union Exploration Co. v. Wynn Exploration Co.*, 95 N.M. 594, 624 P.2d 536 (Ct.App. 1981).

■ At the hearing discussing the details of the judgment now being appealed, the Campbells orally moved for a new trial.

[W]e are moving the Court * * * [for] a new trial, on the grounds that newly discovered evidence—basically what we're doing here is preserving our record as far as this particular issue is concerned—newly discovered evidence based on evidence we could not have discovered prior to the first trial; it only arose indirectly in the second trial on the Mandate—has shown that there is evidence

that Ms. Katz had something to do with the default * * *.

\* \* \* \* \* \*

* * * So then, we preserved it in the second trial and took it up on appeal * *.

*Robison v. Campbell*, 99 N.M. at 588, 661 P.2d 479 states:

The motion sought to reopen, on the basis of newly discovered evidence, the question of whether there should be a rescission. The motion was properly denied; Campbell did not show an entitlement to relief under either R.Civ.Proc. 59 or 60(b)(2), N.M.S.A. 1978 (1980 Repl. Pamph.).

The trial court denied the oral motion on the basis that it did "not fall within the purview of the Second Mandate." The Campbells assert this denial was error because their oral motion was a new motion for a new trial, independent of the prior motion discussed in *Robison v. Campbell*. We disagree. The oral motion, quoted above, shows the asserted newly discovered evidence was the same evidence on which the prior motion was based and which was properly denied because of an insufficient showing on the part of the Campbells. The oral motion was repetitive and was no more than a renewal of the prior motion. Having previously been decided adverse to the Campbells, it did not come within the mandate in *Robison v. Campbell*.

For the foregoing reasons, Katz' motions to strike Judge Sanchez' letter from the record and to dismiss this appeal are denied. We affirm the $10,000 punitive award. Appellants' other arguments and appellee's arguments on cross-appeal are unpersuasive.

Having found no error in Judge Sanchez' judgment, we affirm. Robison shall bear the cost of this appeal.

IT IS SO ORDERED.

WOOD and MINZNER, JJ., concur.