This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**SANDRA GRAF**,

  Plaintiff-Appellant,

v.               **NO.  30,937**

**WESTERN MORTGAGE, L.P. and
ARNO MASSEY, Individually**,

  Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY
David P. Reeb, Jr., Judge**

Mark S. Sweetman
Clovis, NM

for Appellant

Doerr & Knudson, P.A.
Stephen Doerr
Portales, NM

for Appellees

**MEMORANDUM OPINION**

**VIGIL, Judge.**

  Plaintiff appeals the judgment in favor of Defendants on her legal and equitable claims arising out of a transaction in which she quitclaimed certain property to

Defendants. In this Court's notice of proposed summary disposition, we proposed to affirm. Plaintiff has filed a memorandum in opposition, which we have duly considered. As we are not persuaded by her arguments, we affirm.

**Summary Judgment on the Claim of Forgery**

Plaintiff asserts that the district court erred in granting summary judgment on Plaintiff's claim of forgery. [DS 9] In our notice of proposed summary disposition, we proposed to hold that the district court did not err, since the forgery statute, NMSA 1978, Section 30-16-10 (2006), does not expressly provide for a private right of action. *See Eisert v. Archdiocese of Santa Fe*, 2009-NMCA-042, ¶ 29, 146 N.M. 179, 207 P.3d 1156 (stating that when a criminal statute does not provide for a private right of action, we generally conclude that there is no legislative intent to create such a right).

In response, Plaintiff argues that the purpose of the statute demonstrates an intent to create a private right of action. [MIO 2-3] In particular, she argues that NMSA 1978, Section 31-17-1 (2005), reflects an intent to create such a right. We disagree. By its own terms, Section 31-17-1 permits the district court in a criminal case to award restitution as part of a defendant's sentence for harm caused by criminal acts to which the defendant has pled guilty or of which he has been convicted. Section 31-17-1 does not reflect an intent to create a private right of action by a litigant in a civil case.

Plaintiff also argues that general tort law permits her to bring a claim for forgery. In support of this argument, she cites to case law regarding prima facie torts. [MIO 3] However, prima facie tort is its own, separate legal theory, *see Schmitz v. Smentowski*, 109 N.M. 386, 394, 785 P.2d 726, 734 (1990) (recognizing a cause of action for prima facie tort), and Plaintiff never preserved any argument that her complaint with respect to forgery could be construed as a claim for prima facie tort. Accordingly, she cannot assert error on appeal based on a claim for prima facie tort. *See Woolwine v. Furr's, Inc.*, 106 N.M. 492, 496, 745 P.2d 717, 721 (Ct. App. 1987) ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court."). Furthermore, Plaintiff's docketing statement does not explain how she would meet the first element of the tort—a "lawful" act by the defendant—when her forgery claim is premised on a violation of the criminal code. *See Silverman v. Progressive Broad., Inc.*, 1998-NMCA-107, ¶ 36, 125 N.M. 500, 964 P.2d 61 (stating that a claim based on a violation of law does not meet the first element of a prima facie tort).

Plaintiff continues to cite *Marler v. Allen*, 93 N.M. 452, 601 P.2d 85 (Ct. App. 1979), in support of her argument that New Mexico recognizes a private right of action for forgery. [DS 10; MIO 4] However she acknowledges that, as we explained in our proposed summary disposition, *Marler* considered only whether a punitive damages award was excessive and never discussed the particular cause of action

3

brought by the plaintiffs in that case. *Marler* does not support Plaintiff's argument. Although the opinion refers to the insurer's act of forgery, it is not clear from the opinion that the underlying cause of action was one for forgery. Instead, the insurer's acts of falsifying the documents could have been the basis of some other claim such as some sort of unfair trade practices claim, a claim of a breach of fiduciary duty, or some sort of breach of the insurance code; we cannot know because it is simply not discussed in the opinion. Furthermore, even if the claim was for forgery itself, on appeal, no party raised the issue of whether it was error to permit such a claim, and cases are not authority for propositions not considered. See *Fernandez v. Farmers Ins. Co. of Ariz.*, 115 N.M. 622, 627, 857 P.2d 22, 27 (1993).

**Dismissal of Plaintiff's Claim for Improper Notarization**

Plaintiff asserts that the district court erred in dismissing a claim based on Defendant Massey's improper acts as a notary public. [DS 11] In this Court's notice of proposed summary disposition, we pointed out that the Notary Public Act permits someone harmed by the misconduct of a notary public to bring a civil action on the notary public's official bond. *See* NMSA 1978, § 14-12A-9(B) (2003). As Plaintiff's claim was not against Defendant Massey's official bond as a notary public, and as no other private right of action is provided in the Notary Public Act, we proposed to hold that the district court did not err in dismissing any claim for a violation of the Act. Plaintiff has not responded to this portion of our proposed summary disposition.

4

Accordingly, we conclude that she has failed to demonstrate error on this basis. *See State v. Johnson*, 107 N.M. 356, 358, 758 P.2d 306, 308 (Ct. App. 1988) (stating that when a case is decided on the summary calendar, an issue is deemed abandoned where a party fails to respond to the proposed disposition of the issue).

**Exclusion of Evidence of Forgery**

Plaintiff contends that the district court erred in granting Defendants' motion in limine to exclude evidence of Massey's forgery of the deed. [DS 13] In our notice of proposed summary disposition, we proposed to find no abuse of discretion. Although the district court ruled that it would not permit the introduction of any evidence of forgery, it appears that what the district court meant was that it would not permit any evidence or argument about whether Massey's underlying conduct would constitute the crime of forgery, since the district court stated that it would admit evidence of Massey's conduct in support of Plaintiff's theory that Massey was trying to defraud her of her property. [RP 252] We noted that Plaintiff was permitted to present evidence at trial of the two different versions of the quitclaim deed and was permitted to introduce evidence supporting her theory that Massey made the alterations to the deed after she signed it. [RP 431, 492] Therefore, we stated that it seemed that the district court did not place any limitations on evidence of the underlying conduct that Plaintiff believed constituted the crime of forgery. Because it appeared that the only matter related to the claim of forgery that the district court

5

actually excluded was any argument that Massey's conduct might constitute the crime of forgery, we proposed to find no error, since the criminal definition of forgery was not a proper basis for relief in this case.

In response, Plaintiff repeats her argument that she should have been permitted to argue that Defendant Massey's conduct constituted the crime of forgery. [MIO 5-6] However, as she has presented no legal theory under which such argument would have been proper, we find no abuse of discretion in the district court's ruling. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**Exclusion of Evidence of a Violation of the Notary Public Act**

Plaintiff contends that the district court erred in granting Defendants' motion in limine to prohibit Plaintiff from offering evidence of her claim that Massey's conduct violated the Notary Public Act. [DS 15] In our notice of proposed summary disposition, we proposed to hold that since the Notary Public Act would not provide Plaintiff with any relief in this case, the district court's ruling preventing Plaintiff from arguing that Massey's conduct violated the Act was not an abuse of discretion. We noted that it did not appear that the district court actually prohibited Plaintiff from introducing evidence regarding the underlying facts on which she bases her argument, since Plaintiff was permitted to testify about Massey's conduct with respect to

6

notarizing the deed in order to support her theory that Massey changed the deed with the intent to defraud her, as well as to testify to her opinion that he had not properly notarized the document. [RP 431]

In Plaintiff's memorandum in opposition, she continues to assert that she should have been permitted to argue that Defendant Massey's conduct was a violation of the Act. [MIO 5-6] As she has provided no legal theory under which such argument was proper, we hold that the district court did not abuse its discretion. *See Hennessy*, 1998-NMCA-036, ¶ 24.

**Equitable Relief**

Plaintiff contends that the district court erred in declining to exercise its equitable powers to grant relief in this case because Plaintiff believes the facts of this case should have shocked the conscience of the court. [DS 16] In our notice of proposed summary disposition, we proposed to find no abuse of the district court's discretion. Plaintiff has not responded to this portion of our proposal, and we therefore conclude that she has not demonstrated reversible error on this basis. *See Johnson*, 107 N.M. at 358, 758 P.2d at 308.

Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**



_____
**RODERICK T. KENNEDY, Judge**