[No. 3301.    Nov. 1, 1927.]

STATE ex rel. BOARD OF COM'RS OF STATE BAR
v. KIKER, District Judge, et al.

[261 Pac. 816.]

C. C. Catron and E. R. Wright, both of Santa Fe, for relator.

R. C. Dow, Atty. Gen., for respondent Kiker.

Fred E. Wilson, of Albuquerque, for respondent Hannett.

### OPINION OF THE COURT

PARKER, C. J.   Judge Reed Holloman, judge of the First judicial district, being disqualified to hear an application for a writ of certiorari, Judge H. A. Kiker was designated by the Chief Justice to hear and determine the same.   Judge Kiker proceeded to hear the application for the writ, awarded the same, and was proceeding to hear and determine the matter, when the relator applied to this court for a writ of prohibition, directed to said judge in court, seeking to prohibit him from proceeding to a determination of the case.   On account of the importance of the question, an alternative writ of prohibition was issued by this court, and return thereto has been made, and the matter has been argued and submitted.

1.   It is argued in behalf of the relator that the district

courts have no jurisdiction over the judgments which it may render in disciplining an attorney. The relator had suspended, after hearing, a member of the bar of this court from practice for a period of one year, under the provisions of chapter 100, Laws 1925. The question turns upon the proper interpretation of section 13, art. 6, of the state Constitution, which is as follows:

"The district court shall have original jurisdiction in all matters and causes not excepted in this Constitution, and such jurisdiction of special cases and proceedings as may be conferred by law, and appellate jurisdiction of all cases originating in inferior courts and tribunals in their respective districts, and supervisory control over the same. The district courts, or any judge thereof, shall have power to issue writs of habeas corpus, mandamus, injunction, quo warranto, certiorari, prohibition, and all other writs, remedial or otherwise in the exercise of their jurisdiction: Provided, that no such writs shall issue directed to judges or ·courts of equal or superior jurisdiction. * * * "

It is to be observed that the district courts by this section are granted original jurisdiction in all cases not excepted in the Constitution, and such jurisdiction in special proceedings as may be conferred by law. Thus far the jurisdiction conferred is entirely original jurisdiction. Then follows the grant of appellate jurisdiction over all inferior courts and tribunals in their respective districts. It may be this latter grant of jurisdiction is not self-executing, and can be exercised only when the procedure therefor has been provided by law or the rules of this court, as is now authorized by law. But this is immaterial in this case, for the reason that the jurisdiction here sought to be exercised is not appellate jurisdiction. The district court, in issuing a writ of certiorari, was not attempting to review on the merits the action of relators in suspending the attorney from practice, but was simply inquiring whether the relator had power and jurisdiction to make the order which it did make. This action of the district court is authorized, if at all, by the third class of jurisdiction, viz. a supervisory control over all inferior courts and tribunals within its district. For the purpose of the exercise of their jurisdiction of whatever kind or nature, the district courts are specifically authorized to issue various writs, including the writ of certiorari.

It is apparent, therefore, that if the relator is an inferior

tribunal, within the meaning of the Constitution, the writ was rightfully issued by the district court, and our writ of prohibition should be discharged, although under all the circumstances, it was justified on account of the public importance of the question, which can now be considered and determined.

The first question would seem to be as to whether the relator is a tribunal within the meaning of the Constitution. It is certainly not a court, in a legal sense, although it exercises judicial or quasi judicial powers of a high order. That it is a tribunal would seem to be clear on principle and precedent. 11 C. J. "Certiorari," §§ 90 and 96.

The next consideration would seem to be as to whether relator is a tribunal inferior to the district court. In this connection it is suggested by counsel for relator that it is a statewide institution, having jurisdiction coextensive with the state, while the district court has jurisdiction only within its district. This suggestion would seem to be without much force. The district courts are constitutional courts, and clothed with original jurisdiction in all cases not excepted in the Constitution. Their supervisory control over inferior tribunals extends to all cases. It would be difficult to conceive of the legislative intent to create a board of limited and special jurisdiction, which should be free from the restaints of courts of general or superior jurisdiction. The courts must always be open for the maintenance of rights and the redress of wrongs, and in America they are looked to for such results. It would quite probably be beyond the legislative power, if it had been so intended, to create a special tribunal superior to the courts of justice. In this sense the relator must be held to be a tribunal inferior to the district courts, and to have been so intended by the statute creating it.

A further consideration is presented by counsel to the effect that, the relator having a state-wide jurisdiction, it cannot be held to be a tribunal within the First judicial district. It is true that the act creating the board provides that it may meet at such times and places in the state as it shall determine. But in this case it sufficiently ap-

pears that relator met and had a hearing and made its order suspending the attorney in Santa Fe, in the First judicial district. The statute under which relator is created fails to give it a specific situs or residence, but in this case all of its actions were performed in the First judicial district, and the record thereof is by law on file with its secretary treasurer in his office in the clerk's office of this court. Surely in this case relator's residence and situs is in the First judicial district. Whether relator may remove its situs and residence to some other part of the state. and, when so done, whether the venue of such a proceeding as this might be held to be elsewhere, it is not necessary or proper for us to determine, it not being involved.

It is further suggested that this court is given by the statute the power of review of the judgments of relator, and that therefore the district courts have no such power. We have heretofore pointed out, however, that this proceeding in the district court is not designed to review the correctness of the judgment of relator on the merits, but is designed to test the jurisdiction of relator to suspend an attorney from practice under any circumstances. Any proceeding in this court would be different in scope and character from the one under consideration.

It follows from all of the foregoing that the district court of Santa Fe county has jurisdiction to issue the writ of certiorari in this case, and to hear and determine the same. and that the alternative writ of prohibition issued herein should be discharged; and it is so ordered.

BICKLEY and WATSON, JJ., concur.