93 P.2d 990

**THE MACABEES v. CHAVEZ, Judge of District Court, et al.**

**No. 4490.**

Supreme Court of New Mexico.

Aug. 22, 1939.

Nils T. Kjellstrom, of Gallup, for petitioner.

Denny & Glascock, of Gallup, for respondents.

MABRY, Justice.

This matter is here upon a petition for writ of certiorari. Counsel for parties in the suit below, plaintiff and defendant in cause No. 5574, upon the docket of the district court of McKinley County, were heard in oral argument upon the question

of the propriety of the issuance of the writ, and thereafter briefs were filed.

Petitioner, the Macabees, a fraternal corporation, and a defendant below, seeks the writ to compel the judge of the 1st judicial district to make certain findings of fact and conclusions of law that petitioner might thereafter appeal from such judgment upon the merits of the case.

It is conceded that time for appeal has long since expired. It had so expired at the time of the filing of this petition. Respondents contend that petitioner undertaking to prosecute his appeal, failed properly to proceed and that now the right of review by appeal or writ of error being lost to it, seek this writ without excuse or justification.

It appears from the record and the admission of counsel in open court upon the oral argument here, that the trial court, instead of making findings of fact and conclusions of law, of its own, to be incorporated in a separate document and filed in the case, has taken the proposed findings and conclusions of the parties and from these has adopted or rejected those so proposed with appropriate notations, initialed by the trial judge, showing such proposals "refused" or "adopted" as the case might be. These proposals so marked as adopted or rejected were filed in the case as the findings and the conclusions adopted or rejected by the court.

Counsel for respondents says this is a sufficient compliance with section 105-813 of the N. M. Comp. Laws of 1929, requiring the trial court to make its findings of fact and conclusions of law, to be filed in the case, at the time of giving judgment. In any event respondents contend that the remedy for requiring findings of fact and conclusions of law of the trial court is upon appeal or writ of error and not by certiorari.

Respondents contend that the writ of certiorari under the common law practice observed by our courts, and in the absence of statutory enactments modifying, is available only (a) in aid of an appeal or writ of error where such is before the court, or (b) where it is shown that the lower court has exceeded its jurisdiction or has proceeded illegally and there is no provision for appeal or other mode for reviewing its proceedings.

It is not disputed that petitioner did not take its appeal within the time allowed by law. It appears that it did make some move in that direction but it is not seriously disputed that whatever was done looking toward taking an appeal within the time allowed by law was wholly ineffectual. It does not become important to discuss this angle of the case excepting to say that the time for taking an appeal or suing out writ of error had elapsed when petitioner filed here its request for this writ, and that the remedy by appeal would have been adequate if pursued.

Petitioner cites authorities to support its position that a writ of certiorari is not limited to the character of cases to which respondent would confine it and as here-

inbefore set out, but says it may be used and is available where the trial court abuses or fails to follow legal procedure, or even where there is a departure from the recognized and established requirements of procedural law. In other words, petitioner contends that the writ may be used in cases of the character just mentioned regardless of the complaining party not having properly moved to have a review by appeal or writ of error.

Petitioner has misconceived the purpose of the writ, and he has likewise relied in the few cases cited, upon authority influenced by legislature modification of the general common law rule, and upon cases where it was held the trial court was wholly without jurisdiction or where the supervisory power of the appellate court was properly invoked to prevent a denial of justice. We have before us no such jurisdictional question and are confronted with no impelling reason for invoking the writ to avoid the miscarriage of justice. Also we have no modifying statutes here and the common law rule prevails in this jurisdiction.

Respondents point out that the question of the appropriateness of this proposed writ suggested itself to the petitioner only when, by his failure within time to take an appeal, all other remedies were lost. The reasons actuating petitioner however do not become important. The question is: does the writ under the circumstances here presented become available?

It is admitted by counsel for petitioner that it is a question of the mechanics of the proceedings in the trial court upon which he relies as being irregular and contrary to this court's holdings upon the question of how the trial court should make its findings of fact and conclusions of law. Under his interpretation of the holdings of this court hereafter referred to, he insists the trial court in fact made no findings of fact or conclusions of law.

It is admitted that were the court to make anew, and regularly as it should have done in the first place, its findings and conclusions in a separate instrument and in words of its own creation, these would not be unlike the ones "adopted" by the court from the proposals of the parties.

Petitioner tells us that his main reliance here is upon what he takes to be a proper interpretation of section 105-813, supra, upon the question of findings of fact and conclusions of law required of the trial court. The proper method of making findings of fact and conclusions of law has been pointed out by us. See McDaniel v. Vaughn, 42 N.M. 422, 80 P.2d 417, where we said "the statute contemplates that the decision shall be that of the trial court and not of counsel", and we further observed that the method of adopting findings and conclusions by reference only "is not to be commended".

We have not as yet gone further than to point out the irregularity thereof and the confusion that results in the method sometimes employed by trial courts, like

the method by the court here, of making no findings or conclusions of its own but relying rather upon the findings and conclusions of the parties to the cause which may have been adopted by the court.

■ We do not find it necessary here to say more than has heretofore been said upon this question or to determine whether such method is in fact a compliance with the statute, since other considerations control our disposition of this case. If, as a matter of law, these "adopted findings and conclusions" do not meet the statutory requirement, and it became necessary upon appeal to reverse the case for that reason, such question is one properly reviewable upon appeal, or writ of error, as would be the case were the court to fail to make in any manner proper findings of fact or conclusions of law. See Morrow v. Martinez, 27 N.M. 354, 200 P. 1071; Merrick v. Deering, 30 N.M. 431, 236 P. 735; Apodaca v. Lueras, 34 N.M. 121, 278 P. 197.

■■ The writ of certiorari is not to take the place of appeal or writ of error. The writ may issue in aid of the record upon appeal, and as often as it is made to appear that the record is imperfect, and until a perfect transcript is obtained. See 10 Am.Jur. 529; State v. Reid, 18 N.C. 377, 28 Am.Dec. 572.

■ The writ is not ordinarily available to correct mere errors and irregularities in the proceedings of the lower tribunal. State Board of Medical Examiners v. Spears, 79 Colo. 588, 247 P. 563, 54 A.L.R. 1498; Hill v. Atlanta, 125 Ga. 697, 54 S.E.

354, 5 Ann.Cas. 614; State ex rel. Kansas & T. Coal Ry. v. Shelton, 154 Mo. 670, 55 S.W. 1008, 50 L.R.A. 798.

■ It is where the petitioner can establish either that the proceedings are infected with some fatal irregularity rendering them absolutely void, or that the jurisdiction of the cause did not belong to the tribunal which assumed it, or that the cause is not within the limits of judicial power, that the writ becomes available. In other words, "the inquiry contemplated is as to the power of the court and not the irregularity or correction of its action." See 10 Am.Jur. 528; Witmer v. District Court, 155 Iowa 244, 136 N.W. 113, Ann. Cas.1914D, 212.

■ It is a rule of almost universal application that the writ of certiorari will not issue in those cases in which "there is a plain, speedy and adequate remedy by appeal, writ of error, or exceptions." 11 C.J. 13, Par. 57; United States v. Beatty, 232 U.S. 463, 34 S.Ct. 392, 58 L.Ed. 686; In re Tampa Suburban R. Co., 168 U.S. 583, 18 S.Ct. 177, 42 L.Ed. 589; Pierce v. Hamilton, 55 Colo. 448, 135 P. 796; Elliott v. Superior Court, 144 Cal. 501, 77 P. 1109, 103 Am.St.Rep. 102.

■ If there be want of jurisdiction, a situation not presented here, it has been held that the writ will lie though there be a remedy also by appeal. Harris v. Barber, 129 U.S. 366, 9 S.Ct. 314, 32 L.Ed. 697.

■ It appearing here that no appeal was taken or writ of error sued out, and it not appearing from the petition, the rec-

ord, or otherwise that the trial court exceeded its jurisdiction or has proceeded illegally as the term is generally understood when applied to circumstances inviting the aid of the writ of certiorari, petitioner cannot rely upon this remedy.

For the foregoing reasons the writ will be denied, and it is so ordered.

BICKLEY, C. J., and BRICE, ZINN, and SADLER, JJ., concur.