742 P.2d 533

George Herman DOWNS, Steven Michael Downs, and Edward Downs, Plaintiffs-Appellants,

v.

Richard GARAY, Jr., Defendant-Appellee.

No. 9383.

Court of Appeals of New Mexico.

Aug. 11, 1987.

Michael W. Lilley, Allred, Lilley & Macias, Las Cruces, for plaintiffs-appellants.

Ernest H. Williams, Las Cruces, for defendant-appellee.

## OPINION

MINZNER, Judge.

Plaintiffs George Herman Downs, Steven Michael Downs, and Edward Downs (the Downs) appeal a judgment awarding defendant Richard Garay, Jr. (Garay) $100 in compensatory damages and $1,000 in punitive damages on a counterclaim for

assault and battery. The trial court also awarded Herman Downs $155 compensatory damages against Garay for injuries arising out of another related incident, and the court enjoined all parties from harassing, bothering, molesting, or abusing one another; these rulings are not appealed. We affirm.

The Downs and Garay, who lives with his parents and his younger sister, are next-door neighbors. On May 11, 1985, Mrs. Downs told Garay's sister to remove horse manure that the Garay's horse had left on the Downs' property. Garay then went to the Downs' property to confront them about the matter. Garay and Herman Downs argued, and a fight ensued involving Garay and the Downs. One of the sons went into the house and brought out handcuffs. Garay was handcuffed and thrown to the ground. There is conflicting testimony about who struck the first blow and whether Garay was kicked after he was down on the ground. Herman Downs testified that in handcuffing and subduing Garay he was making a citizen's arrest for battery.

Plaintiffs filed suit against defendant Richard Garay, Jr. and other members of his family, seeking injunctive relief. The Garays asked for injunctive relief and also counterclaimed for damages. After another incident on January 5, 1986 involving Garay, Herman Downs, and his wife, the Downs amended their complaint to request damages for Herman Downs arising out of both incidents.

On appeal, the Downs argue that substantial evidence does not support the court's finding as to the first incident that they are liable to Garay for assault and battery. They also contend that there is evidence to support a finding that Garay is liable for assault and battery for his actions at that time. They further contend that the trial court erred in awarding punitive damages against them and not awarding punitive damages against Garay for the later incident.

We affirm the trial court. We discuss: (1) whether substantial evidence supports the finding of liability against the Downs for assault and battery; (2) Herman Downs' alleged citizen's arrest; and (3) punitive damages.

## SUBSTANTIAL EVIDENCE.

On appeal, the Downs are asking this court to reweigh the evidence, judge the credibility of the witnesses, and substitute our judgment for that of the trial court. This we cannot do.

In deciding whether a finding of the trial court is supported by substantial evidence, this court must view the evidence in the light most favorable to support the finding, and we do not consider any evidence unfavorable to the finding. *Trujillo v. Romero*, 82 N.M. 301, 481 P.2d 89 (1971). The reviewing court may not reweigh the evidence or substitute its judgment for that of the trier of fact. *Sanchez v. Homestake Mining Co.*, 102 N.M. 473, 697 P.2d 156 (Ct.App.1985). The duty to weigh the credibility of witnesses and to resolve conflicts in the evidence rests within the province of the trial court, and not with the appellate court. *Dibble v. Garcia*, 98 N.M. 21, 644 P.2d 535 (Ct.App.1982). Findings supported by contradictory testimony are upheld on appeal as supported by substantial evidence. *Brannock v. Brannock*, 104 N.M. 416, 722 P.2d 667 (Ct.App.1985).

Downs has challenged nine of the sixteen findings of the trial court and four of the trial court's eight conclusions of law. The findings that Garay shook his finger at Herman Downs, and he pushed it away; that Herman told his sons to go get his pistol, handcuffs, and blackjack; that he sat on Garay once he was down and forced his face into the ground; that Garay sustained contusions and abrasions; and that Herman Downs was displaying a Deputy United States Marshall's badge are all supported by the testimony of witnesses or the inferences that may be drawn from their testimony. The Downs point to other evidence that would support different findings and a different result. However, the test to be applied on appeal is whether or not there is substantial evidence to support the trial court's findings, not whether there is evidence to support an alternative result.

*Abbinett v. Fox*, 103 N.M. 80, 703 P.2d 177 (Ct.App.1985).

Other challenged findings are not necessary to support the trial court's judgment. For example, the court found that the two families had been arguing for some time about matters involving dogs and horses, that when Garay's sister obtained a rifle, she did so because she believed her brother was in danger, and that Herman Downs has been employed in law enforcement for twenty-five years rather than sixteen years. None of these findings is essential to a conclusion that the Downs were liable for assault and battery. Even if these findings were not supported by evidence, erroneous findings of fact not necessary to support the judgment of the court are not grounds for reversal. *Specter v. Specter*, 85 N.M. 112, 509 P.2d 879 (1973).

We hold that the findings of the trial court are either supported by substantial evidence or are unnecessary to the court's judgment. Therefore, we will not reverse on appeal.

**CITIZEN'S ARREST.**

▇ Herman Downs testified that he placed Garay under citizen's arrest for battery and later turned him over to a sheriff's officer. At trial, Downs' attorney argued that in New Mexico a citizen may arrest for a misdemeanor, but he did not give any authority for his argument. The Downs have challenged the court's conclusion that a private citizen may not make a warrantless arrest for a petty misdemeanor. It is undisputed that battery is a petty misdemeanor. *See* NMSA 1978, § 30–3–4 (Repl.Pamp.1984).

At trial, the Downs argued that the citizen's arrest was relevant because they contended Herman Downs had used reasonable force to defend himself. Self-defense is again argued in Downs' reply brief.

However, in his brief-in-chief, Downs argues that a citizen's arrest was proper because at common law a citizen was entitled to arrest a person who committed a breach of the peace in his presence, and Garay's actions amounted to a breach of the peace. He argues that this rule applies in New Mexico because there is no statute covering the situation and the common law controls. *See* NMSA 1978, § 38–1–3. On appeal, the Downs claim the trial court erred in awarding Garay compensatory damages because Herman Downs was properly making a citizen's arrest.

We note that Downs is correct that at common law a private person could arrest for a breach of the peace committed in his presence, as well as for a felony. *See Restatement (Second) of Torts* § 119 (1965). Thus, at common law, a person who had made such an arrest could assert a privilege if later sued for damages; he or she had a defense to such torts as assault, battery, and false imprisonment. *See Commonwealth v. Corley*, 507 Pa. 540, 491 A.2d 829 (1985). However, we do not believe the concept aids the Downs for two reasons.

First, a ruling on the validity of a citizen's arrest for a breach of the peace as a privilege precluding liability for assault and battery was not properly invoked in the trial court, and thus the issue is not preserved for appeal. *See* SCRA 1986, 12–216. The pleadings raise no affirmative defenses to assault and battery. The only argument made in the trial court was that the alleged citizen's arrest showed the force used was reasonable for self-defense, and the proposed findings and conclusions do not include breach of the peace or privilege, but rather reflect a claim of self-defense. Thus, we conclude that the Downs did not raise before the trial court a claim of privilege based on citizen's arrest for breach of the peace.

Even if the issue had been preserved, the record does not support the appellate claim. The Downs have not demonstrated a factual predicate for their legal argument. The common law privilege extends only to arrests for felonies or breach of the peace. *Palmer v. Maine Cent. R.R.*, 92 Me. 399, 42 A. 800 (1899). The privilege was recognized at common law in order to facilitate the prompt suppression of a certain kind of offense. *See Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); *Restatement (Second) of Torts* § 116, comment a (1965). We have found no authority

**324**

for extending the privilege to permit an arrest for misdemeanors other than breach of the peace or shoplifting. *See generally Gortarez v. Smitty's Super Valu, Inc.*, 140 Ariz. 97, 680 P.2d 807 (1984) (where the Arizona Supreme Court describes a developing common law shopkeeper's privilege); *see also Restatement (Second) of Torts* § 120(A) (1965). In New Mexico, as in Arizona, however, the legislature has recognized a limited privilege with respect to shoplifting. *See* NMSA 1978, § 30–16–23 (Repl.Pamp.1984); *Gortarez v. Smitty's Super Valu, Inc.*

Herman Downs testified that he arrested Garay for battery, not breach of the peace. The record does not reflect whether he told Garay he was under arrest, or with what offense he was being charged. However, even if Herman Downs told Garay he was under arrest for battery, this would not have informed Garay of the privilege now asserted. *See* W.P. Keeton, *Prosser and Keeton on the Law of Torts* § 26 (5th ed. 1984) (the person arrested must be informed of the charges against him, and an arrest made upon an improper ground cannot later be justified because there was a proper ground available); *Restatement (Second) of Torts* § 128 (1965). *See also Territory of New Mexico v. McGinnis*, 10 N.M. 269, 61 P. 208 (1900); *overruled on other grounds, State v. Deltenre*, 77 N.M. 497, 424 P.2d 782 (1966), *cert. denied*, 386 U.S. 976, 87 S.Ct. 1171, 18 L.Ed.2d 136 (1967).

In addition, the privilege of citizen's arrest, as well as self-defense, is limited to the use of reasonable force. *See* Keeton, *supra*, §§ 19 and 26; *Restatement (Second) of Torts* §§ 63 and 132 (1965). The trial court found that the acts of the Downs "in hitting, striking, and kicking Richard Garay, Jr. while he was handcuffed and on the ground were done willfully and maliciously." This finding supports a conclusion that the force used was unreasonable. The appellate claim is inconsistent with such a conclusion.

For these reasons, we hold that the trial court's conclusion was not in error. Even assuming New Mexico recognizes a citizen's arrest for breach of the peace, the Downs did not establish their right to rely on the privilege or defense. Thus, the trial court did not err in awarding Garay damages for assault and battery.

**PUNITIVE DAMAGES.**

■ Downs argues that the award of punitive damages is not supported by substantial evidence. However, the standard of review for an award of punitive damages is whether the trial court abused its discretion. *See Galindo v. Western States Collection Co.*, 82 N.M. 149, 477 P.2d 325 (Ct.App.1970). The amount of punitive damages is left to the discretion of the trier of fact, based on the circumstances of each case, but should not be so unrelated to the injury and actual damages proven as to plainly manifest passion and prejudice rather than reason and justice. *Robison v. Campbell*, 101 N.M. 393, 683 P.2d 510 (Ct. App.1984). An appellate court should disturb a determination of punitive damages only in extreme cases. *See Montoya v. Moore*, 77 N.M. 326, 422 P.2d 363 (1967).

■ Punitive damages may be assessed to punish and as a deterrent and warning to others. *Gonzales v. Sansoy*, 103 N.M. 127, 703 P.2d 904 (Ct.App.1984). Recovery of punitive damages is permissible if there is a finding that the wrongdoer's conduct was willful, wanton, malicious, reckless, oppressive, grossly negligent, or fraudulent and in bad faith. *Id.* Any one of the reasons for assessing punitive damages is sufficient to sustain an award. *Id.* Here, the trial court found the Downs' actions in restraining Garay were willful, deliberate, and malicious. The record contains sufficient evidence to support the finding. The Downs admit on appeal that they overreacted.

Punitive damages are awarded when compensatory damages seem inadequate to satisfy the wrong committed. *Montoya v. Moore.* Garay's compensatory damages were $100, or $33.33 against each plaintiff. The trial court was entitled to determine that this amount was inadequate to compensate Garay, as well as to deter the Downs.

Downs also argues that the punitive damages of $1,000 are excessive. However, the trial court made it clear that it was assessing the damages against all three plaintiffs. The purpose of punitive damages is to punish and deter, *Gonzales v. Sansoy*. In view of those objectives and the facts herein, we find no error in the amount of the award of punitive damages.

Downs cites *Montoya v. Moore* and *Galindo v. Western States Collection Co.* as authority for his argument that $1,000 is excessive for punitive damages where compensatory damages were $100. These cases may be distinguished. In *Montoya v. Moore*, compensatory damages were $9,675 and punitive damages were $50,000. The supreme court held that $50,000 was excessive because there was no evidence of malice, violence, or criminal conduct on the part of the one to be punished, but that $20,000 was appropriate. In *Galindo v. Western States Collection Co.*, this court held that $5,000 in punitive damages was excessive where there were no aggravating circumstances and compensatory damages were $525.52, and that the punitive damages should be reduced to $2,500. The supreme court has held that a set ratio between the two types of damages is not a proper test. *Faubion v. Tucker*, 58 N.M. 303, 270 P.2d 713 (1954).

An award of $333 against each of the Downs does not manifest passion and prejudice. We hold that it is not excessive in view of the trial court's findings and the presence of substantial evidence to support those findings.

Finally, the Downs cite *Gonzales v. Sansoy* in urging this court to compare the actions of the parties on May 11, 1985 and January 5, 1986 when considering punitive damages. *Gonzales v. Sansoy* was a medical malpractice case where the theory of comparative negligence was applicable. The Downs are asking us to apply this theory to intentional torts committed on totally different occasions. We find no authority for extending comparative negligence to this situation, and we decline to do so.

**CONCLUSION.**

The judgment of the trial court is affirmed. No costs are awarded on appeal.

IT IS SO ORDERED.

DONNELLY, C.J., and BIVINS, J., concur.