822 P.2d 672

**ELDORADO AT SANTA FE, INC.,**
Intervenor–Appellant,

v.

**William COOK, Elmer Ferneau, Marie Ferneau, Priscilla Hoback, Rod Hall, Ramona Sholder, and Donlad Woodman, who is also known as Donald Woodman, Petitioners–Appellees,**

**S.E. Reynolds, State Engineer,**
Respondent–Appellee.

No. 11218.

Court of Appeals of New Mexico.

Oct. 11, 1991.

Certiorari Denied Nov. 20, 1991.

Peter B. Shoenfeld, P.A., Santa Fe, for intervenor-appellant.

Grove T. Burnett, Steven Sugarman, Glorieta, for petitioners-appellees.

Tom Udall, Atty. Gen., Charlotte Benson Crossland, Special Asst. Atty. Gen., Santa Fe, for respondent-appellee.

## OPINION

BIVINS, Judge.

The opinion filed September 20, 1991, is withdrawn and the following substituted therefor.

Intervenor, Eldorado at Santa Fe, Inc. (Eldorado) appeals from a district court order which granted petitioners' request for a writ of certiorari and remanded Eldorado's well location change application to the state engineer for reprocessing. Eldorado challenges: (1) the propriety of a writ of certiorari; (2) the standing of petitioners to seek certiorari; (3) the district court's jurisdiction to remand this matter to the state engineer; (4) the district court's determination of error in a published notice based on a defect that was not set forth in the petition; and (5) whether defective publication of notice is a jurisdictional defect. In addition to the foregoing, we also address the question of whether the district court's order was a final judgment, having instructed the parties to brief that issue. We affirm.

*Facts*

Eldorado owns water well no. RG–18556, which is located near Lamy within the Bishop John Lamy Grant. In 1983, after the well casing failed and could not be removed, Eldorado applied to the state engineer for a permit to drill a replacement well twenty feet away. The application described the initial and move to locations as being within the NW 1/4 SW 1/4 NW 1/4 of Section 4, T14N, R10E N.M.P.M. The state engineer prepared a notice of application for publication and sent it to Eldorado. Because of a word processing error by the state engineer, the notice included the words "as projected within the Canada de Los Alamos Grant."

Eldorado published the notice as prepared by the state engineer. There were no objections, and, on July 21, 1983, the state engineer issued a permit to change

the location of the well. Eldorado spent substantial sums on the well and related facilities.

During construction various parties moved the state engineer to set aside the permit because the published notice included the incorrect land grant description. The state engineer denied the motion for lack of jurisdiction and no appeal was taken. Two years later some of the former movants petitioned for a writ of mandamus, seeking remand to the state engineer so that he could require re-advertisement and reconsider the issuance of the permit. Soon thereafter petitioners filed this action seeking a writ of certiorari against the state engineer. Eldorado subsequently intervened.

The district court attempted to remand both actions to the state engineer. Eldorado obtained an order from the supreme court that ordered the mandamus and certiorari cases to be consolidated and heard on the merits. The district court dismissed the mandamus petition. After a hearing on the merits, the district court granted the certiorari petition and remanded the case to the state engineer.

*Finality of the District Court's Order*

■ The pertinent text of the order is as follows:

[T]his matter is hereby remanded to the State Engineer for appropriate administrative action. Republication of notice will be the first action on which the State Engineer shall proceed. All findings & conclusions filed herein are adopted as part of this order.

Jurisdiction is retained by this court until a final administrative or judicial order is entered. RG–18556 may continue diverting water for functions now being served by the well until such time as a final order is entered in this case.

The bare language of the order suggests that it may not be final because it states that jurisdiction is being retained pending a final order. However, our analysis of the circumstances of this case convinces us that the district court neither contemplated nor was empowered to engage in further

action regarding the issues raised in the petition.

■ The letter ruling of the district court stated that a primary purpose of retaining jurisdiction was to keep the well functioning. *See State ex rel. Reynolds v. Lewis,* 84 N.M. 768, 508 P.2d 577 (1973) (appellate court may look to comments of lower court to clarify ambiguous finding). We do not read the order as contemplating further proceedings in the district court after the administrative proceeding. Moreover, any attempt to retain jurisdiction to hear a subsequent appeal from the state engineer's reconsideration of Eldorado's application would exceed the district court's jurisdiction in view of the statutory requirements for appeal from the decision of the state engineer. *See* NMSA 1978, §§ 72–7–1, 72–12–10 (Repl.Pamp.1985); *In re Application of Angel Fire Corp.,* 96 N.M. 651, 634 P.2d 202 (1981). District courts are authorized to issue writs of certiorari where the order of an inferior tribunal was made in the absence of jurisdiction, not to review the judgment on the merits. *State ex rel. Board of Comm'rs of State Bar v. Kiker,* 33 N.M. 6, 261 P. 816 (1927). Here, where no further judicial action on the part of the court was essential, we conclude that the decree entered by the district court was final. *See Rio Arriba County Bd. of Educ. v. Martinez,* 74 N.M. 674, 678, 397 P.2d 471, 475 (1964) (reviewing court looks to substance, not form, in determining whether decree final); *B.L. Goldberg & Assocs. v. Uptown, Inc.,* 103 N.M. 277, 705 P.2d 683 (1985) (final judgment where trial court actually disposed of all issues of law and fact to the fullest extent possible); F. Ferris, *The Law of Extraordinary Legal Remedies* § 186 at 215 (1926) (judgment of reviewing court is final).

*Petitioners' Prima Facie Case for Issuance of the Writ*

■ Petitioners need only make a prima facie showing for issuance of the writ, including lack of an adequate remedy at law and substantial injury to petitioners if the writ does not issue. *Rhea County v. White,* 163 Tenn. 388, 43 S.W.2d 375 (1931);

C. Antieau, *The Practice of Extraordinary Remedies* § 5.13 at 717 (1987).

■ Generally, a writ of certiorari will not issue where a plain, adequate, and speedy remedy at law exists. *Macabees v. Chavez*, 43 N.M. 329, 93 P.2d 990 (1939). A writ of certiorari is not designed to take the place of appeal or a writ of error. *Id.* However, a writ of certiorari will lie where the right to appeal has been denied or lost otherwise than by a party's own fault. *See Lea County State Bank v. McCaskey Register Co.*, 39 N.M. 454, 49 P.2d 577 (1965) (dicta); *Irvan v. Kizer*, 286 Ark. 105, 689 S.W.2d 548 (1985); C. Antieau, *supra*, § 5.08 at 691; F. Ferris, *supra*, § 163 at 186. In this case, petitioners could have appealed the state engineer's issuance of Eldorado's permit. Due to the error in the publication notice, however, petitioners failed to receive notice of the application for the permit. Since petitioners lost their right of appeal without any fault or negligence on their part, a writ of certiorari will lie, assuming petitioners can make a prima facie showing of injury. *See Lea County State Bank.*

■ Our decision is additionally mandated by constitutional due process requirements. Petitioners were entitled to notice and an opportunity to be heard. *See Nesbit v. City of Albuquerque*, 91 N.M. 455, 575 P.2d 1340 (1977) (in zoning action, due process requires notice where change in zoning restriction would amount to change in fundamental character of property, and failure to give notice renders void all subsequent acts of zoning authority); *Miller v. City of Albuquerque*, 89 N.M. 503, 554 P.2d 665 (1976) (same). Failure to follow statutory procedures violated petitioners' due process rights, and no subsequent act could correct the defect. *See Miller v. City of Albuquerque; Nesbit v. City of Albuquerque.* Consequently, Eldorado's arguments that petitioners were not a party to the state engineer's proceedings and that they can assert their alleged prior water rights in a separate action for damages and injunction lack merit.

Petitioners have also made a prima facie showing of substantial injury. First they have established a violation of their constitutional due process rights. Second, they have alleged potential impairment of their water rights as a result of that violation.

Eldorado contends that petitioners were required to establish the validity of their water rights before the district court in order to have standing to seek a writ of certiorari and that they failed to do so. We recognize that an adjudication of the petitioners' water rights must be made in the first instance by the district court. *See State ex rel. Reynolds v. Lewis* (only courts are given the power and authority to adjudicate water rights). However, resolution of this question was not necessary to confer standing on petitioners. Since petitioners would not have been required to adjudicate their water rights before they could object to Eldorado's application, it would be illogical to require them to make that showing in order to petition for a writ in this case. We will not require that petitioners make a greater showing to obtain due process than they would have been required to show if they had been afforded that process initially. *Cf. Larson v. Valente*, 456 U.S. 228, 102 S.Ct. 1673, 72 L.Ed.2d 33 (1982) (allegation of requisite personal stake in outcome was sufficient to confer standing).

In short, petitioners' claim of impairment to their water rights established a prima facie case of substantial injury. If, after reprocessing of Eldorado's well location change application, the state engineer determines that petitioners have valid existing water rights that would be impaired by granting the application, Eldorado may contest the validity of petitioners' water rights on appeal to the district court. *See* § 72-7-1; *State ex rel. Reynolds v. Lewis; In re Application of Carlsbad Irrigation District*, 87 N.M. 149, 530 P.2d 943 (1974) (there are no limitations on power of district courts to find facts, make conclusions of law, and enter judgments and orders as are proper to dispose of the issues).

*Propriety of the Remand*

■ Eldorado contends that since there is no statutory or constitutional authority

for a district court to remand a matter to an administrative agency for taking additional evidence, the attempted remand was beyond the district court's jurisdiction. *See State ex rel. Transcontinental Bus Serv., Inc. v. Carmody*, 53 N.M. 367, 208 P.2d 1073 (1949). In *Transcontinental Bus*, the court held that remanding the cause to the corporation commission for a further evidentiary hearing on an issue in the case was inappropriate. The court noted that it was proper to remand proceedings to an agency to the end that valid and essential findings may be made in accordance with the applicable law. *Id.* at 376, 208 P.2d at 1082; *see also* F. Ferris, *supra,* § 185 at 214.

In the case before us, the district court effectively determined that the state engineer lacked jurisdiction to grant Eldorado's application and remanded the case for new rather than additional proceedings. We hold the remand proper; the judge's findings and conclusions do not suggest that he exceeded his authority. *See State ex rel. Transcontinental Bus Serv., Inc. v. Carmody; State ex rel. Board of Comm'rs of State Bar v. Kiker.* Furthermore, if, after voiding the state engineer's decision, remand was inappropriate, Eldorado would have to reapply for permission to change the well location before the state engineer could proceed. Remand, therefore, works to Eldorado's benefit.

*The Section Number Error*

■ The petition for certiorari contended that the published legal description of the well location was erroneous because the notice stated that the well was projected onto the Canada de Los Alamos Grant, but that it was actually located on the Bishop John Lamy Grant. Petitioners asserted that the error was substantive and that substantive error in the published notice rendered the state engineer's approval of the application either void or voidable.

On the first day of trial, petitioners announced that they had discovered another error, that the actual location of the well was not on projected Section 4, but rather some six hundred feet further away from the town of Lamy, on Section 5. Both the land grant error and the section number mistake were reflected in the trial court's findings. Eldorado contends that since evidence of the section error was not within the issues framed by the pleadings and the pleadings were not amended to conform to the evidence, the district court erred in basing its conclusion on that defect in the published notice.

Eldorado failed to object to the district court's proposal of a continuance to assess the alleged error or to otherwise argue that a continuance would not cure any prejudice. Consequently, it failed to preserve its claim of prejudice by the late notification of the error. *See Woolwine v. Furr's, Inc.*, 106 N.M. 492, 745 P.2d 717 (Ct.App.1987). Even if Eldorado had preserved error, we would still affirm this issue on the merits.

■ We hold that even if the finding that the published notice contained a section mistake was erroneous, or if the evidence upon which it was based should not have been admitted at trial, the evidence of an incorrect land grant description was sufficient to support the conclusion that the notice contained a substantive error. *See Wright v. Brem*, 81 N.M. 410, 467 P.2d 736 (Ct.App.1970) (appellate court will not correct errors that do not change the result); *Tapia v. Panhandle Steel Erectors Co.*, 78 N.M. 86, 428 P.2d 625 (1967) (substantial evidence standard of review); *Downs v. Garay*, 106 N.M. 321, 742 P.2d 533 (Ct.App. 1987) (erroneous findings of fact unnecessary to support the judgment are not grounds for reversal).

*Effect of Notice Defect on Jurisdiction of State Engineer*

■ Eldorado contends that the defect in notice of an application to the state engineer did not result in an absence of jurisdiction. As discussed, the failure to follow statutory procedures is a due process violation and renders void all subsequent acts of the state engineer. *See Nesbit v. City of Albuquerque; Miller v. City of Albuquerque.* Therefore, the state engineer was without jurisdiction to grant

Eldorado's application for change of location.

*In re Application of Brown,* 65 N.M. 74, 332 P.2d 475 (1958), cited by Eldorado, is not to the contrary. In that case, the *subsequent* notice, hearing, and determination cured the original lack of procedure.

*Timeliness of the Petition for Certiorari*

 Since this nonjurisdictional issue was not raised in the docketing statement, it may not be asserted for the first time in the brief-in-chief. *See DeTevis v. Aragon,* 104 N.M. 793, 727 P.2d 558 (Ct.App.1986). *Cf. State v. Salgado,* 112 N.M. 537, 817 P.2d 730 (App.1991) (holding that for appeals filed after July 1, 1990, and assigned to the general calendar, amendments to docketing statements are unnecessary). Since this appeal was filed before July 1, 1990, the rule set forth in *DeTevis* applies. Additionally, we note that Eldorado only mentioned timeliness of the petition for certiorari in the conclusion to its brief-in-chief and without any citation of authority. Issues which are unsupported by cited authority will not be reviewed on appeal. *In re Adoption of Doe,* 100 N.M. 764, 676 P.2d 1329 (1984).

We affirm.

IT IS SO ORDERED.

ALARID, C.J., and CHAVEZ, J., concur.